IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Criminal No. 4:19-CR-00172 |
| ) | |
| vs. ) | DEFENDANT MONTOYA'S AMENDED REPLY IN SUPPORT OF MOTION TO WITHDRAW PLEA |
| ) | |
| ) | |
| ) | |
| RUBY MONTOYA, ) | |
| Defendant. ) | |

Defendant, RUBY MONTOYA, hereby submits her Amended Reply in Support of Motion to Withdraw Plea by and through the undersigned counsel, and states as follows:

## I. Renewal of Request for Extension

In the interest of justice, Ms. Montoya renews her request for an extension of time to file her reply and/or to file an Amended Motion to Withdraw. Only seven days ago, on September 16, 2021, Ms. Montoya's undersigned counsel received voluminous discovery relevant to this matter that she did not have access to previously. Specifically, the discovery entailed over 1,400 separate files, which were cumulatively more than 6 GB in size. Defense counsel has been diligently reviewing the discovery since it was received, but has not had the opportunity to fully review this discovery prior to filing this Reply. Nor has defense counsel had time to seek approval for review of discovery by her experts as counsel is still determining what discovery will be relevant to the experts' opinions.

Furthermore, the Government was provided an extension to file its Response to Defendant's Motion to Withdraw even though the Government had all of the discovery in its possession. The Government's Response was originally due on September 8, 2021. On September 8, 2021, the Government requested a one-week extension to file its Response. On September 9, 2021, the Court granted the request and ordered that the Government's Response

be filed by September 15, 2021.

The Government had full and complete access to all of the discovery and all of the information necessary to file pleadings in this matter. Defendant's counsel had no access to any information until September 16, 2021. In addition, Defendant's prior counsel, Lauren Regan, has steadfastly refused to provide any documents or information to the undersigned defense counsel from her file. Ms. Regan's file is relevant to this reply. It is reasonable and just to provide the undersigned counsel with additional time to fully evaluate the information in this matter because a woman's liberty is at stake.

## II.    Reply to Response

In the interest of not wasting the Court's time rehashing facts and arguments set forth in Ms. Montoya's original Motion to Withdraw, Ms. Montoya simply states that although it appears on paper that she is a well-educated, independent woman, capable of understanding whether to enter into a plea agreement and understanding the consequences of doing so, that is simply not the case. Ms. Montoya is a victim of childhood abuse, who was raised to respect the Catholic Church, and to do as she was told. (See Exhibit A, attached to the Motion to Withdraw). Aggression against Ms. Montoya triggered her PTSD causing her to seek refuge with the Catholic Workers House. (*Id.*). These were trauma responses Ms. Montoya could not control as a result of her past. These trauma responses and her violent upbringing should have been considered by her attorneys in evaluating her cases. They were not. (See Exhibit A, attached to the Motion to Withdraw).

Ms. Montoya's plea was not knowing and voluntary. She suffers from mental health conditions, of which her attorneys should have advised this Court. They failed to do so. (*Id.*) Ms. Montoya said what she was told to say at the plea hearing. She had learned early in life the harsh

and painful repercussions of not doing what she was told to do. (*Id.*) So, she did so. She told the Court she was happy with her representation. She told the Court she did not have a mental health condition. She told the Court she was guilty. All because she was told to do so by those she trusted.

Ms. Montoya firmly believed that her plea was a packaged deal. (Exhibit A, attached to the Motion to Withdraw). She was coerced into accepting the deal by feelings of guilt and responsibility over what would happen to Ms. Reznicek if she failed to agree to a plea bargain that Ms. Reznicek believed was in her best interests and that Ms. Reznicek could not benefit from unless Ms. Montoya also agreed to the plea deal. (*Id.*) For the first time, Ms. Montoya learned when she read the government's response to her motion to withdraw her plea that it is the government's position that her plea was not a packaged deal. Ms. Montoya needs lawyer Lauren Regan's file in order to see if Ms. Regan received contrary correspondence from the government that caused Ms. Regan to pressure Ms. Montoya to enter the plea in the manner in which she did. Whether or not it was offered by the Government as a packaged plea deal, it was conveyed to Ms. Montoya that it was a packaged plea deal, and the pressure placed upon her was the same as though it was a packaged plea deal.

The packaged plea deal is just one aspect of the coercion. Most importantly, Ms. Montoya's plea was involuntary because of Counsel Regan's ineffective assistance in telling her that the plea was a packaged deal and that she could be responsible for Jessica serving life in prison if she did not agree to it. It was her counsel's ineffective assistance in coercing her to act a certain way, say certain things, and agree to a plea that she did not agree with by telling her that her past abuse and mental health were irrelevant and would work against her. (Exhibit A, attached to the Motion to Withdraw.) It was her counsel's ineffective assistance in failing to

consider relevant defenses and failing to discuss those defenses with Ms. Montoya.

One of the defenses that was not investigated was the cost of repair of the four holes in the substantive counts as well as the cost of repair for the conspiracy count. As explained in the Motion to Withdraw in more detail, for four of the substantive counts charged and the conspiracy count the government must prove damages of $100,000.  Undersigned presented a cost estimate for one hole of $12,000.  Undersigned just found a report in the discovery estimating repair of one hole to be $30,000.  The report is prepared by the Lincoln County SO after an interview of a pipeline technician.  While this figure is over the figure estimated by the defense expert (whose estimate is also supported by EPA materials), it is substantially less than the amount that the government must prove for each of the relevant counts. Former counsel had advised that there were no dollar figures in the discovery, that the restitution numbers were the first numbers made available.   This figure and its existence in the discovery supports the defense claim that her lawyers were ineffective in failing to investigate her defenses which contributed to her involuntary guilty plea.

### III.    Objection to Government's Response

Ms. Montoya objects to the Court considering the Government's Response as it was filed late despite being granted an extension. The Government's Response was due on September 8, 2021. (DKT 188). The Government was granted an extension to file by September 15, 2021. (DKT 189). The Government did not file its Response until September 16, 2021. (DKT 192). Pursuant to Local Rule 7, "Each party resisting a motion must, within 14 days after the motion is served, file a resistance in the form of a brief containing a statement of the grounds for resisting the motion." LCvR 7(e). If a resistance is not "timely" filed, "the motion may be granted without notice. LCvR 7(f). In this matter, resistance was not timely filed, as such it may be disregarded

and Ms. Montoya's Motion to Withdraw granted.

## IV. Conclusion

For the foregoing reasons, Defendant Ruby Montoya respectfully requests that her Motion to Withdraw Guilty Plea be granted. In the alternative, Ms. Montoya renews her request be provided sufficient time to complete review of discovery, permit review of relevant discovery by her experts and amend her motion to withdraw accordingly after the review is complete.

Respectfully submitted,

/s/ Daphne Pattison Silverman
Daphne Pattison Silverman
TBN 06739550
Silverman Law Group
501 N. IH 35
Austin, Texas 78702
512-975-5880
daphnesilverman@gmail.com
Attorney for Defendant

CERTIFICATE OF SERVICE

I, Daphne Pattison Silverman, do hereby certify that on this September 23, 2021, a true and correct copy of the foregoing document was served on all parties of record via electronic service.

/s/ Daphne Pattison Silverman
Daphne Pattison Silverman
Attorney for Defendant