IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br><br>v.<br><br>**RUBY MONTOYA**<br>Defendant | Criminal No. 4:19-CR-00172 |

# ORDER

Defendant Ruby Montoya's request to Compel Discovery is hereby GRANTED.

Pursuant to Rule 16(a)(1)(E), the Government shall immediately produce the following to defense counsel:

1. Any and all documents or statements that contain the information requested by Expert Pipeline Estimator Mike Monteith in his letter[1], including but not limited to: pipe specification for each pipe, which includes material of construction, pressure rating, and temperature as well as the pipe isometric sketch from the engineer, and the physical location of the pipe referenced by the data.

2. Any and all documents or statements from any pipeline company by whatever name the document is known that purport to address the cost of repair of the pipe.

3. Attachment A to the Go Daddy subpoena, which was issued by the Government. This attachment is necessary to analyze the data that was produced in response to the subpoena.

4. Attachment A to the Home Depot subpoena. This attachment is necessary to analyze the data that was produced in response to the subpoena.

---

[1] Expert Monteith's letter is attached as an exhibit to Ms. Montoya's motion to withdraw her guilty plea.

5. With regards to the Search Warrant executed by Omaha FBI at the Catholic worker house, 713 Indiana Avenue, Des Moines, Iowa, in relation to this matter.

   a. The affidavit and/or testimony in support of the search warrant. The discovery contains the warrant but not the affidavit in support of the warrant.

   b. The Search Warrant Return notes indicating from which room each collected item was seized. Specifically, the Return should include the location of Agent Larsen's Olympus recording device. The return in the discovery file is the typed list of items seized. The discovery references photographs, logs and notes. Those items were not provided.

   c. Photographs from the search.

   d. Data dumps and search warrants for digital devices seized during execution of the Search Warrant as well as all reports by the Domestic Terrorism Operation Unit (DTOU) that reviewed the data as referenced by 989, serial 17, p. 2. The discovery contains a search warrant for Ms. Montoya's apple device, but does not include the affidavit in support nor any data collected from the device, nor warrants for any other device.

6. All reports from Omaha and Minneapolis FBI related to this matter

7. Video from 5/1/17 Minnehaha site, which is referenced in 989, serial 15, second document.

8. Surveillance video from store across from site of arson which took place on November 8, 2016. This video is referenced in 2661-Om-2104901, Iowa Incident Report Buena Vista county SO.

9. Sparky's videos and photos of November 8, 2016 fires, as referenced in 2661-OM-2104901, Serial 5, FBI FD 1036 dated December 9, 2016. Upon information and belief, the DVD containing these videos and photos is referenced in the document that followed the FBI FD 1036 in the discovery previously produced. Such document references uploading a physical 1A.

10. Security company thumbdrive referenced in the 7th document in the same 901 series referenced in request 10 above. Similar to the prior request, the document following the 1036 references uploading a physical version.

11. All Tiger Swan Reports and any other reports in the government's control regarding Susan Stanton from any previous or ongoing investigation. Tiger Swan reports received in this matter, refer to Ms. Stanton as a "new age fraud." The defense does not agree with this defamatory label. In fact, Ms. Stanton may be a trial witness in this matter. As such, information regarding her credibility is relevant.

12. All documents from Precision, which is the owner of the construction equipment that is the subject of the November 9, 2016 equipment fires, including ownership/lease documents, reports regarding the incident, and their estimator's expert report along with all underlying data considered by the estimator.

13. For each pipeline location that the government alleges was damaged by Ruby Montoya and Jessica Reznicek:

    a. Identify the pipe by its valve number and location

    b. Identify if there is only smoke damage as opposed to a cut into the pipe

    c. For pipes that were cut, the depth of any cut into the pipeline specifically including if the cut entered the pipe or only the skin of the pipe and what layer of the skin.

    d. For the count that applies to the metal box that received smoke damage from the tires, please provide all details regarding any damage including if there was any damage to whatever was inside the box. Please provide the specifications for the box that was burned. If there was damage inside the box, please provide pictures of the contents that were damaged along with the specifications of what was in the box.

    e. Pipe specification which includes material of construction, pressure rating, and temperature as well as pipe isometric sketch from the engineer

    f. Any statements from any pipeline company by whatever ever name the document is known that purport to address the cost of repair.

14. Discovery produced thus far makes multiple references to suspicious individuals near valve sites. Defendant requests all of photographs of these individuals, and any identifying information that has been gathered regarding these individuals. For clarity, Tiger Swan

report 61 on April 12 references suspicious people on page 15, DAPL security photographed their identification. These photographs are relevant evidence because the person who trained Montoya and Reznicek to use a torch could have gone to scout locations or attempt one himself. A review of the photographs by Ms. Montoya will assist in determining whether the individual is in the photographs and has been previously identified.

15. A state Court ordered preservation of telephone records from March 1, 2017 through May, 2017 for Ruby Montoya and Jessica Reznicek's phones. The federal government received the telephone records that were produced pursuant to that court order. Defendant has received the full production of Reznicek's records for that period of time in a format that indicates it is the actual production from her phone company. However, with regards to Defendant Ruby Montoya's phone records, the discovery contains only a couple of days and the format suggests that someone on the receiving end cut those days out of a spreadsheet or document provided by the phone company. Defendant requests a complete production of Ms. Montoya's phone records in the same format as Ms. Reznicek's records were produced, along with the business records affidavit from the telephone company. These records are critical because they will contain the phone number for the person who incited Reznicek and Montoya to use fire and trained them on the welding torch, a person we believe is a government operative.

16. The identity of the informant(s) who is (are) Tiger Swan intel officer(s) embedded in the places where Ruby Montoya and Jessica Reznicek stayed, such as camps and the Catholic Worker house, as well as at the Standing Rock Camp, specifically including the one embedded in the Red Warrior Camp. This officer or officers was (were) clearly

participant(s) in conversations that led to/resulted in the charged conduct, that is, specifically including but not limited to evidence of Ruby Montoya's intent and the coercion imposed upon Ruby Montoya. The officers or officers report(s) that Ruby Montoya and Jessica Reznicek participated in a prayerquest (266I-OM-219551_8_1A_4) that might have led them to believe that their conduct was necessary. The officers report that Ruby Montoya was brainwashed (_13), report that Ruby Montoya and Jessica Reznicek are responsible for these acts in multiple reports and report frustration when law enforcement has not arrested Ruby Montoya and Jessica Reznicek. The information from the officer(s) was gathered for law enforcement purposes and provided to law enforcement. Multiple reports discuss the relationship with law enforcement. These officers are direct witnesses and participants in conversations that are critical to the defense of Ruby Montoya. A statement of Ruby Montoya in support of this disclosure is attached.

17. The identity of the persons whether the persons are connected to a law enforcement agency or to Tiger Swan that operated in collaboration with law enforcement agencies who encouraged Ms. Montoya to use fire, then trained her in the use of the welding torch, as well as the identity of the person who connected Ms. Montoya to the person who trained her. This information is necessary to fully determine Ms. Montoya's legal defenses. A statement of Ruby Montoya in support of this disclosure is attached.

18. The reports, correspondence, notes and other records (by whatever name known) from TigerSwan and from any and all agencies that attended the meeting described in the Tiger Sean report found at discovery bates number: 2192551-001802, which is labeled as 2192551 – 316, sitrep 198, March 29, 2017, and states "Met with the Des Moines Field Office of the FBI, with the Omaha and Sioux Falls offices joining by conference call. Also

in attendance were representatives of the Joint Terrorism Task Force, Department of Homeland Security, Iowa Department of Emergency Services, Iowa Department of Homeland Security and Iowa Department of Wildlife. Topics covered included the current threat assessment of the pipeline, the layout of current security assets and persons of interest." This report also supports all other requests for all information from Tiger Swan.

19. The following situational reports prepared by Tiger Swan that are missing from the set produced to the defense by the Government, which were written from September 11, 2016 through and including at least July 24, 2017, such reports should include any and all cumulative situational reports produced on the same date:

   a. sitrep 7 probably dated September 17, 2016
   b. sitrep 8 probably dated September 18, 2016
   c. sitrep for September 20, 2016 - number for this report is unclear, but there have been reports for different days with the same number
   d. sitrep for October 9, 2016 - again number unknown
   e. sitrep for October 11, 2016 - again number unknown
   f. sitrep 51 probably dated November 2, 2016
   g. sitrep 58 probably dated November 9, 2016 - please note multiple copies of the sitrep for November 8 are in your files with different numbers. This report is particularly important because it is the day of the fires.
   h. sitrep 69, probably dated November 20, 2016 - please note it is suspicious that this one is missing because this is the day that DAPL security and/or law enforcement shattered Sophia Willinsky's arm.
   i. sitrep 116 probably dated January 6, 2017
   j. sitrep 117, probably dated January 7, 2017
   k. sitrep 141, probably dated January 31, 2017
   l. sitrep 159, probably dated February 18, 2017
   m. sitrep 161, probably dated February 20, 2017
   n. sitrep 163, probably dated February 22, 2017
   o. sitrep 166, probably dated February 25, 2017
   p. sitrep 174 either March 5 or 6, 2017
   q. sitrep 178, probably dated March 9, 2017
   r. Sitrep for March 10, 2017
   s. sitrep 182, March 13, 2017 - notably this is the date of one of the accusations
   t. sitrep 183 March 14, 2017 - notably this is the date after one of the accusations

Case 4:19-cr-00172-RGE-HCA   Document 206-2   Filed 11/24/21   Page 7 of 7

u. sitrep 187, probably March 18, 2017 - notably this is the date of some of the accusations
v. sitrep 188, probably March 19, 2017, notably the day after accusations
w. sitrep dated March 21, 2017
x. sitrep 191, probably dated March 23, 2017
y. sitrep 192, probably dated the same or the day after
z. sitrep for March 25, 2017
aa. sitrep for March 26, 2017
bb. sitrep for March 30, 2017
cc. sitrep for April 9, 2017 - again notably one of the dates of an accusation.
dd. sitrep for April 15, 2017
ee. sitrep for April 23, 2017
ff. sitrep for April 24, 2017
gg. sitrep 232 probably dated May 3, 2017
hh. sitrep 233 probably dated May 4, 2017
ii. sitrep 241 probably dated May 13, 2017
jj. sitrep for May 14, 2017
kk. sitrep for May 25, 2017
ll. sitrep 257 probably dated May 30 or May 31
mm. sitrep for whichever is not sitrep 257 of May 30 and May 31
nn. sitrep for June 4, 2017
oo. sitrep 269 probably dated June 15, 2017
pp. sitrep 273 probably dated June 19, 2017
qq. sitrep 274 probably dated June 20, 2017
rr. sitrep for July 2, 2017
ss. sitrep for July 6, 2017
tt. sitrep for July 7, 2017
uu. sitrep for July 9, 2017
vv. sitrep for July 11, 2017
ww. sitrep for July 15, 20177
xx. sitrep for July 19, 2017
yy. sitrep for July 20, 2017
zz. sitrep for July 21, 2017

Including those reports that reveal how TigerSwan came to identify Jessica Reznicek and Ruby Montoya as the people engaged in the hole making.

20. All situational reports produced on or after July 23, 2017.

Dated: _____

_____
REBECCA GOODGAME EBINGER

7