# Exhibit A

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

### for the

Southern District of Iowa

United States of America      )
v.      )
RUBY MONTOYA      )    Case No. 4:19-CR-00172
     )
_____ )
*Defendant*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:      Custodian of Records, Verizon, ATTN: VSAT, 180 Washington Valley Road, Bedminster, New Jersey 07921 verizonlegalprocesscompliance@verizon.com

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger<br>U.S District Courthouse<br>123 East Walnut Street, Suite 300<br>Des Moines, Iowa 50309 | Date and Time: |
|---|---|

     Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

     *(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Ruby Montoya_____
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                   _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

**Exhibit A**

Verizon Legal Process Compliance

Please provide any and all records and other information relating to any and all associated accounts of the below listed telephone numbers:

> 602-769-9332
> 701-317-6320
> 646-352-2126

for the time period of 06/01/2016 through 12/31/2017, to include but not limited to the following:

1.   Names, including subscriber names, usernames and/or screen names;

2.   Addressees, including mailing addresses, residential and/or business addresses and email addresses;

3.   Local and long-distance telephone connection records;

4.   Records of session times and durations;

5.   Non-content call detail records, toll information, direct connect records and SMS usage records;

6.   Precision GPS location information, and Cell tower identification number with latitude and longitude location;

7.   Length of service, including start dare and types of services utilized;

8.   Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Equipment Identifiers (MEID), Mobile Identification Numbers (MIN), International Mobile Subscriber Identifiers (IMSI) and/or International Mobile Station Equipment Identifiers (IMEI);

9.    Other subscriber numbers or identifiers; and

10.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa ▼

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | Case No. 4:19-CR-00172 |
| RUBY MONTOYA | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Custodian of Records, AT&T, 208 S. Akard Street,
      Dallas, Texas 75202 gldc@att.com

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger U.S District Courthouse 123 East Walnut Street, Suite 300 Des Moines, Iowa 50309 | Date and Time: |
| --- | --- |

    Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

      *(SEAL)*

Date:   _____

                                          *CLERK OF COURT*

                                          _____
                                              *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Ruby Montoya
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Exhibit A**

AT&T Global Legal Department

Please provide any and all records and other information relating to any and all associated accounts of the below listed telephone number:

515-306-1530

for the time period of 06/01/2016 through 12/31/2017, to include but not limited to the following:

1.    Names, including subscriber names, usernames and/or screen names;

2.    Addressees, including mailing addresses, residential and/or business addresses and email addresses;

3.    Local and long-distance telephone connection records;

4.    Records of session times and durations;

5.    Non-content call detail records, toll information, direct connect records and SMS usage records;

6.    Precision GPS location information, and Cell tower identification number with latitude and longitude location;

7.    Length of service, including start dare and types of services utilized;

8.    Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Equipment Identifiers (MEID), Mobile Identification Numbers (MIN), International Mobile Subscriber Identifiers (IMSI) and/or International Mobile Station Equipment Identifiers (IMEI);

9.    Other subscriber numbers or identifiers; and

10.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

### for the

Southern District of Iowa ▾

United States of America
)
v.
)
RUBY MONTOYA
)                    Case No. 4:19-CR-00172
)
_____
)
*Defendant*
)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:          Custodian of Records, North Dakota Human Rights Coalition, 1314 12th Avenues
             Fargo, North Dakota 58103
_____
                        *(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers,
documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger | Date and Time: |
|---|---|
| U.S District Courthouse | |
| 123 East Walnut Street, Suite 300 | |
| Des Moines, Iowa 50309 | |

     Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a
motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g),
relating to your duty to respond to this subpoena and the potential consequences of not doing so.

     *(SEAL)*

Date:    _____

                                                      *CLERK OF COURT*

                                          _____
                                                 *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Ruby Montoya
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to
consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules
or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern
practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to
1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the
documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3)
require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation
under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim
may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT A**

Produce the following documents related to the informal panel discussion held at the Bismarck Public Library on or about January 15, 2017, to Daphne Silverman, Esq. at daphnesilverman@gmail.com:

1. The video taken of the panel discussion, which is saved on Facebook at the following address:

   https://www.facebook.com/NDHumanRightsCoalition/videos/10154366411362887

2. All photographs taken leading up to the informal panel discussion, during, and after the informal panel discussion ended.

3. To the extent not included in response to number 2 above, all photographs taken of each person as they were identified and entered the event.

4. A list of each person attending the event, including name, address, and telephone number.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa ▾

United States of America )
v. )
RUBY MONTOYA ) Case No. 4:19-CR-00172
)
_____ )
*Defendant* )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### IMINAL CASE

To:   Nicholas J. Georgiades, President, Unicorn Riot, 2930 33rd Avenue, Apt. 209
      Minneapolis, Minnesota 55406

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger | Date and Time: |
|---|---|
| U.S District Courthouse 123 East Walnut Street, Suite 300 Des Moines, Iowa 50309 | |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:  _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Ruby Montoya
_____ , who requests this subpoena, are:
Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**EXHIBIT A**

Produce the following documents related to Lorenzo Serna to Daphne Silverman, Esq. at
daphnesilverman@gmail.com:

1.  All personnel records.

2.  To the extent not produced in response to request 1 above, hiring documentation,
    including but not limited to applications, resumes, reference verifications, employment
    agreements and contracts.

3.  To the extent not produced in response to request 1 above, payroll and other
    compensation records;

4.  To the extent not produced in response to request 1 above, commendations and
    disciplinary records;

5.  To the extent not produced in response to request 1 above, termination date and reason
    for termination of employment/contractual relationship.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

### for the

Southern District of Iowa ▾

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| RUBY MONTOYA | )     Case No. 4:19-CR-00172 |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:    Custodian of Records, Thompson Gray, LLC, 4240 Balmoral SW, Suite 300
Huntsville, Alabama 35801

_____
*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| | |
|---|---|
| Place: Honorable Rebecca Goodgame Ebinger<br>U.S District Courthouse<br>123 East Walnut Street, Suite 300<br>Des Moines, Iowa 50309 | Date and Time: |

    Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

    *(SEAL)*

Date: _____

                                  *CLERK OF COURT*

                      _____
                             *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Ruby Montoya
_____ , who requests this subpoena, are:
Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

**Camps** – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

**Intel sources** – refers to all persons working on contract with Thompson Gray or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources  working for Thompson Gray or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

**Documents and Records** – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1.  All correspondence between Thompson Gray and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2.  All correspondence between Thompson Gray and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst);

3.  All correspondence between Thompson Gray and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4.  All correspondence between Thompson Gray and/or any of its employees, representatives, or agents, and any contractor of any sort hired as security or to investigate or monitor Ruby Montoya and/or Jessica Reznicek;

5.  All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, ████████████████, Frank Cordaro, ███████████████, and ██████████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

6.  All correspondence regarding/referring to Ruby Montoya, Jessica Reznicek from Energy Transfer Partners CEO Kelcey Warren.

7.  All emails regarding, referring, or relating to Jessica Reznicek and/or Ruby Montoya.

8.  All emails to and/or from Terry Van Horn.

9.  All contracts with Energy Transfer Partners.

10. All contracts with Sunoco.

11. All contracts with Precision Pipeline.

12. All contracts with TigerSwan and/or subcontractor of TigerSwan, of which Thompson Gray is aware.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1.  Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period set forth above.

2.  All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3.  All documents and records providing directions to the intel sources.

4.  All documents and records regarding correspondence with the intel sources.

5.  All documents and records regarding reporting from and about the intel sources.

6.  All documents and records regarding correspondence with Thompson Gray Customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7.  All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8.  All documents and records regarding correspondence, directives to use "violent" tactics.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of Iowa   ▾

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| RUBY MONTOYA | ) |
| | ) |
| _Defendant_ | ) |

Case No. 4:19-CR-00172

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Custodian of Records, TigerSwan, 3453 Apex Peakway Apex
North Carolina 27502

_____
*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger<br>U.S District Courthouse<br>123 East Walnut Street, Suite 300<br>Des Moines, Iowa 50309 | Date and Time: |
|---|---|

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

   *(SEAL)*

Date:  _____

                                    *CLERK OF COURT*

                                    _____
                                    *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Ruby Montoya
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

**Camps** – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

**Intel sources** – refers to all persons working on contract with TigerSwan or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources  working for TigerSwan or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

**Documents and Records** – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1. All correspondence between TigerSwan and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2. All correspondence between TigerSwan and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst);

3. All correspondence between TigerSwan and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4. All correspondence between TigerSwan and/or any of its employees, representatives, or agents, and any contractor of any sort hired as security or to investigate or monitor Ruby Montoya and/or Jessica Reznicek, including but not limited to correspondence with Scott Baldwin;

5. All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, ███████████████, Frank Cordaro, ███████████████, and ████████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

6. All contracts with contractors, including but not limited to: contracts with subcontractors, construction firms and private security firms, related to the construction, operation, and maintenance of the pipeline.

7. All correspondence regarding/referring to Ruby Montoya, Jessica Reznicek from Energy Transfer Partners CEO Kelcey Warren.

8. All pictures of any damage to the pipeline alleged to be caused by the actions of Ruby Montoya, and a description of the location of such damage.

9. All emails regarding, referring, or relating to Jessica Reznicek and/or Ruby Montoya.

10. All emails to and/or from Terry Van Horn.

11. All emails to and/or from Terry Bergeron.

12. All emails to and/or from Jeffrey Rund.

13. All emails to and/or from John Porter.

14. A record of all telephone calls to/from the number (919) 525-0844.

15. All contracts with Energy Transfer Partners.

16. All contracts with Sunoco.

17. All contracts with Precision Pipeline.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1. Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period set forth above.

2. All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3. All documents and records providing directions to the intel sources.

4. All documents and records regarding correspondence with the intel sources.

5. All documents and records regarding reporting from and about the intel sources.

6. All documents and records regarding correspondence with TigerSwan Customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7. All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8. All documents and records regarding correspondence, directives to use "violent" tactics.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa ▾

United States of America                )
v.                                       )
                                         )     Case No. 4:19-CR-00172
RUBY MONTOYA                             )
                                         )
_____           )
*Defendant*

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:      Custodian of Records, Leighton Security Services, Inc. 403 Elm Street,
         Honey Grove, Texas 75446
_____
                   *(Name of person to whom this subpoena is directed)*

        **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger | Date and Time: |
|---|---|
| U.S District Courthouse | |
| 123 East Walnut Street, Suite 300 | |
| Des Moines, Iowa 50309 | |

        Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

        *(SEAL)*

Date: _____

                                           *CLERK OF COURT*

                                         _____
                                              *Signature of Clerk or Deputy Clerk*

_____

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  ____Ruby Montoya____
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

_____

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

**Camps** – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

**Intel sources** – refers to all persons working on contract with Leighton Security Services or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources working for Leighton Security Services or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

**Documents and Records** – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1. All correspondence between Leighton Security Services and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2. All correspondence between Leighton Security Services and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst);

3. All correspondence between Leighton Security Services and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4. All correspondence between Leighton Security Services and/or any of its employees, representatives, or agents, and any contractor of any sort hired as security or to investigate or monitor Ruby Montoya and/or Jessica Reznicek;

5. All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, ████████████████, Frank Cordaro, ████████████████, and ████████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

6. All correspondence regarding/referring to Ruby Montoya, Jessica Reznicek from Energy Transfer Partners CEO Kelcey Warren.

7. All emails regarding, referring, or relating to Jessica Reznicek and/or Ruby Montoya.

8. All emails to and/or from Terry Van Horn.

9.  All contracts with Energy Transfer Partners.

10. All contracts with Sunoco.

11. All contracts with Precision Pipeline.

12. All contracts with TigerSwan or subcontractors of TigerSwan, of which Leighton Security Services is aware.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1.  Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period set forth above.

2.  All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3.  All documents and records providing directions to the intel sources.

4.  All documents and records regarding correspondence with the intel sources.

5.  All documents and records regarding reporting from and about the intel sources.

6.  All documents and records regarding correspondence with Leighton Security Services Customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7.  All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8.  All documents and records regarding correspondence, directives to use "violent" tactics.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa ▾

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| RUBY MONTOYA | ) Case No. 4:19-CR-00172 |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:　　　Custodian of Records, 10 Code Security, LLC

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger<br>U.S District Courthouse<br>123 East Walnut Street, Suite 300<br>Des Moines, Iowa 50309 | Date and Time: |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*　　Ruby Montoya
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

<u>**Camps**</u> – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

<u>**Intel sources**</u> – refers to all persons working on contract with 10 Code Security or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources  working for 10 Code Security or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

<u>**Documents and Records**</u> – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1. All correspondence between 10 Code Security and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2. All correspondence between 10 Code Security and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst).

3. All correspondence between 10 Code Security and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4. All correspondence between 10 Code Security and/or any of its employees, representatives, or agents, and any contractor of any sort hired as security or to investigate or monitor Ruby Montoya and/or Jessica Reznicek;

5. All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, ███████████████, Frank Cordaro, ███████████████, and ███████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

6. All correspondence regarding/referring to Ruby Montoya, Jessica Reznicek from Energy Transfer Partners CEO Kelcey Warren.

7. All emails regarding, referring, or relating to Jessica Reznicek and/or Ruby Montoya.

8. All emails to and/or from Terry Van Horn.

9.  All contracts with Energy Transfer Partners.

10. All contracts with Sunoco.

11. All contracts with Precision Pipeline.

12. All contracts with TigerSwan or subcontractors of TigerSwan, of which 10 Code Security is aware.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1.  Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period set forth above.

2.  All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3.  All documents and records providing directions to the intel sources.

4.  All documents and records regarding correspondence with the intel sources.

5.  All documents and records regarding reporting from and about the intel sources.

6.  All documents and records regarding correspondence with 10 Code Security Customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7.  All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8.  All documents and records regarding correspondence, directives to use "violent" tactics.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa ▼

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| RUBY MONTOYA | ) | Case No. 4:19-CR-00172 |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:      Custodian of Records, Michels, 817 Main Street,
         Brownsville, Wisconsin 53006

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger<br>U.S District Courthouse<br>123 East Walnut Street, Suite 300<br>Des Moines, Iowa 50309 | Date and Time: |
|---|---|

    Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

        *(SEAL)*

Date:  _____

                                              *CLERK OF COURT*

                                    _____
                                              *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Ruby Montoya
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

**Camps** – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

**Intel sources** – refers to all persons working on contract with Michels or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources working for Michels or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

**Documents and Records** – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1. All correspondence between Michels and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2. All correspondence between Michels and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst);

3. All correspondence between Michels and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4. All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, ███████████████, Frank Cordaro, ████████████, and ███████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

5. All photographs of all property, including but not limited to materials and equipment, owned by Michels that Michels alleges was damaged by Ruby Montoya.

6. A list of all property, including but not limited to materials and equipment, owned by Michels that Michels alleges was damaged by Ruby Montoya. All documents and records, including but not limited to: specification manuals, memorandums, and correspondence regarding the materials owned by Michels that were damaged.

7. All documents and records, including but not limited to: reports describing the damage to materials owned by Michels by any author/entity.

8. All contracts with Energy Transfer Partners.

9. All contracts with Sunoco.

10. All contracts with Precision Pipeline.

11. All contracts with TigerSwan and/or any TigerSwan subcontractor of which Michels is aware.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1. Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period from June 1, 2016 continuing through and including December 31, 2017.

2. All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3. All documents and records providing directions to the intel sources.

4. All documents and records regarding correspondence with the intel sources.

5. All documents and records regarding reporting from and about the intel sources.

6. All documents and records regarding correspondence with Michels' Customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7. All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8. All documents and records regarding correspondence, directives to use "violent" tactics.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

## for the

### Southern District of Iowa ▾

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| RUBY MONTOYA | )  Case No. 4:19-CR-00172 |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:        Custodian of Records, EH Investigations and Security, LLC, 5603 Copper Point,
           Bismarck, North Dakota 58504

*(Name of person to whom this subpoena is directed)*

　　　　**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers,
documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger<br>U.S District Courthouse<br>123 East Walnut Street, Suite 300<br>Des Moines, Iowa 50309 | Date and Time |
|---|---|

　　　　Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a
motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g),
relating to your duty to respond to this subpoena and the potential consequences of not doing so.

　　　　*(SEAL)*

Date:  _____

　　　　　　　　　　　　　　　　　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*　　　Ruby Montoya
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to
consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules
or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern
practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to
1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the
documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3)
require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation
under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim
may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

**Camps** – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

**Intel sources** – refers to all persons working on contract with EH Investigations or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources  working for EH Investigations or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

**Documents and Records** – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1. All correspondence between EH Investigations and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2. All correspondence between EH Investigations and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst).

3. All correspondence between EH Investigations and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4. All correspondence between EH Investigations and/or any of its employees, representatives, or agents, and any contractor of any sort hired as security or to investigate or monitor Ruby Montoya and/or Jessica Reznicek;

5. All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, ███████████████████, Frank Cordaro, ███████████████, and ███████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

6. All correspondence regarding/referring to Ruby Montoya, Jessica Reznicek from Energy Transfer Partners CEO Kelcey Warren.

7. All emails regarding, referring, or relating to Jessica Reznicek and/or Ruby Montoya.

8. All emails to and/or from Terry Van Horn.

9.   All contracts with Energy Transfer Partners.

10.  All contracts with Sunoco.

11.  All contracts with Precision Pipeline.

12.  All contracts with TigerSwan or subcontractor of Tiger Swan of which EH Investigations is aware.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1.   Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period set forth above.

2.   All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3.   All documents and records providing directions to the intel sources.

4.   All documents and records regarding correspondence with the intel sources.

5.   All documents and records regarding reporting from and about the intel sources.

6.   All documents and records regarding correspondence with EH Investigations Customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7.   All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8.   All documents and records regarding correspondence, directives to use "violent" tactics.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa ▼

United States of America
)
v.
)
RUBY MONTOYA
)
)                    Case No. 4:19-CR-00172
_____  )
*Defendant*
)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:          Custodian of Records, Energy Transfer Partners, 3738 Oak Lawn Drive,
             Dallas, Texas 75219
_____
*(Name of person to whom this subpoena is directed)*

        **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers,
documents, data, or other objects:

SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger <br> U.S District Courthouse <br> 123 East Walnut Street, Suite 300 <br> Des Moines, Iowa 50309 | Date and Time: |
|---|---|

        Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a
motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g),
relating to your duty to respond to this subpoena and the potential consequences of not doing so.

        *(SEAL)*

Date:  _____

                                                                        *CLERK OF COURT*

                                                          _____
                                                                *Signature of Clerk or Deputy Clerk*

_____
The name, address, e-mail, and telephone number of the attorney representing *(name of party)*        Ruby Montoya
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to
consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules
or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern
practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to
1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the
documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3)
require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation
under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim
may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

**Camps** – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

**Intel sources** – refers to all persons working on contract with Entergy Transfer Partners or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources  working for Energy Transfer Partners or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

**Documents and Records** – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1. All correspondence between Energy Transfer Partners and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2. All correspondence between Energy Transfer Partners and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst);

3. All correspondence between Energy Transfer Partners and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4. All correspondence between Energy Transfer Partners and/or any of its employees, representatives, or agents, and any contractor of any sort hired as security or to investigate or monitor Ruby Montoya and/or Jessica Reznicek, including but not limited to correspondence with Scott Baldwin;

5. All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, , ██████████████ Frank Cordaro, ██████████████, and ██████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

6. All photographs of all property, including but not limited to materials and equipment, owned by Energy Transfer Partners that Energy Transfer Partners alleges was damaged by Ruby Montoya.

7.  A list of all property, including but not limited to materials and equipment, owned by Energy Transfer Partners that Energy Transfer Partners alleges was damaged by Ruby Montoya. All documents and records, including but not limited to: specification manuals, memorandums, and correspondence regarding the materials owned by Energy Transfer Partners that were damaged.

8.  All documents and records, including but not limited to: reports describing the damage to materials owned by Energy Transfer Partners by any author/entity.

9.  All documents and records, including but not limited to: materials from your files and any and all subcontractors' files who were hired by Energy Transfer Partners to examine and/or repair the damage:

    a.  Description of damage to the pipe including the depth of the puncture and each layer of pipe punctured

    b.  Pipe specification which includes material of construction, pressure rating and temperature

    c.  Pipe isometric sketch from an engineer

    d.  Physical location of the repair

10.  All contracts with contractors, including but not limited to: contracts with subcontractors, construction firms and private security firms, related to the construction, operation, and maintenance of the pipeline.

11.  All correspondence regarding/referring to Ruby Montoya, Jessica Reznicek from CEO Kelcey Warren.

12.  All pictures of any damage to the pipeline alleged to be caused by the actions of Ruby Montoya, and a description of the location of such damage.

13.  For each pipeline location that Energy Transfer Partners alleges was damaged by Ruby Montoya:

    a.  Identify the pipe by its valve number and location

    b.  Identify if there is only smoke damage as opposed to a cut into the pipe

    c.  For pipes that were cut, the depth of any cut into the pipeline specifically including if the cut entered the pipe or only the skin of the pipe and what layer of the skin.

    d.  Pipe specification which includes material of construction, pressure rating, and temperature as well as pipe isometric sketch from the engineer

    e.  Any statements from any pipeline company by whatever ever name the document

is known that purport to address the cost of repair.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1. Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period set forth above.

2. All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3. All documents and records providing directions to the intel sources.

4. All documents and records regarding correspondence with the intel sources.

5. All documents and records regarding reporting from and about the intel sources.

6. All documents and records regarding correspondence with Energy Transfer Partners customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7. All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8. All documents and records regarding correspondence, directives to use "violent" tactics.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa ▾

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| RUBY MONTOYA ) | Case No. 4:19-CR-00172 |
| ) | |
| _Defendant_ ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:      Custodian of Records, Precision Pipeline, LLC 3314 56th Street
Eau Claire, Wisconsin 54703

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger U.S District Courthouse 123 East Walnut Street, Suite 300 Des Moines, Iowa 50309 | Date and Time: |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

_(SEAL)_

Date:  _____

_CLERK OF COURT_

_____

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_      Ruby Montoya

_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

**Camps** – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

**Intel sources** – refers to all persons working on contract with Precision Pipeline or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources working for Precision Pipeline or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

**Documents and Records** – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1.  All correspondence between Precision Pipeline and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2.  All correspondence between Precision Pipeline and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst);

3.  All correspondence between Precision Pipeline and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4.  All correspondence between Precision Pipeline and/or any of its employees, representatives, or agents, and any contractor of any sort hired as security or to investigate or monitor Ruby Montoya and/or Jessica Reznicek;

5.  All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, ███████████████████, Frank Cordero, ████████████████, and ██████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

6.  All photographs of all property, including but not limited to materials and equipment, owned by Precision Pipeline that Precision Pipeline alleges was damaged by Ruby Montoya.

7.  A list of all property, including but not limited to materials and equipment, owned by Precision Pipeline that Precision Pipeline alleges was damaged by Ruby Montoya. All

documents and records, including but not limited to: specification manuals, memorandums, and correspondence regarding the materials owned by Precision Pipeline that were damaged.

8. All documents and records, including but not limited to: reports describing the damage to materials owned by Precision Pipeline by any author/entity.

9. All documents and records, including but not limited to: materials from your files and any and all subcontractors' files who were hired by Precision Pipeline to examine and/or repair the damage:

   a. Description of damage to the pipe including the depth of the puncture and each layer of pipe punctured

   b. Pipe specification which includes material of construction, pressure rating and temperature

   c. Pipe isometric sketch from an engineer

   d. Physical location of the repair

10. All contracts with contractors, including but not limited to: contracts with subcontractors, construction firms and private security firms, related to the construction, operation, and maintenance of the pipeline.

11. All contracts with Energy Transfer Partners.

12. All contracts with Sunoco.

13. All pictures of any damage to the pipeline alleged to be caused by the actions of Ruby Montoya, and a description of the location of such damage.

14. For each pipeline location that Precision Pipeline alleges was damaged by Ruby Montoya:

   a. Identify the pipe by its valve number and location

   b. Identify if there is only smoke damage as opposed to a cut into the pipe

   c. For pipes that were cut, the depth of any cut into the pipeline specifically including if the cut entered the pipe or only the skin of the pipe and what layer of the skin.

   d. Pipe specification which includes material of construction, pressure rating, and temperature as well as pipe isometric sketch from the engineer

   e. Any statements from any pipeline company by whatever ever name the document is known that purport to address the cost of repair.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1. Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period set forth above.

2. All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3. All documents and records providing directions to the intel sources.

4. All documents and records regarding correspondence with the intel sources.

5. All documents and records regarding reporting from and about the intel sources.

6. All documents and records regarding correspondence with Precision Pipeline Customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7. All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8. All documents and records regarding correspondence, directives to use "violent" tactics.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

Southern District of Iowa    ▼

United States of America    )
v.                          )
RUBY MONTOYA               )    Case No. 4:19-CR-00172
                            )
_____     )
Defendant                   )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
OBJECTS IN A CRIMINAL CASE

To:    Custodian of Records, Sunoco Logistics Partners, 1 Fluor Daniel Drive
       Sugar Land, Texas 77478
_____
*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

### SEE EXHIBIT A ATTACHED HERETO

| Place: Honorable Rebecca Goodgame Ebinger | Date and Time: |
| U.S District Courthouse | |
| 123 East Walnut Street, Suite 300 | |
| Des Moines, Iowa 50309 | |

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

       *(SEAL)*

Date:  _____

                                         *CLERK OF COURT*

                                         _____
                                         *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Ruby Montoya
_____ , who requests this subpoena, are:

Daphne Silverman, 501 N. IH-35, Austin, Texas 78702, 512-975-5880, daphnesilverman@gmail.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   4:19-CR-00172

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

**EXHIBIT A**

Definitions applicable to all questions:

**Camps** – refers to the water protector camps by whatever name they are known in your files that were located in Iowa, North Dakota, South Dakota, and Illinois.

**Intel sources** – refers to all persons working on contract with Sunoco or any of its subcontractors, as well as employees, informants, confidential sources, intelligence sources  working for Sunoco or any of its subcontractors by whatever name they are known working within the camps or outside of the camps for any purpose relevant to the work of oil industry or the pipeline specifically including but not limited to providing information on activists (hereinafter referred to as intel sources)

**Documents and Records** – refers to all records, correspondence, memoranda, messages, writings, documents, photographs, video recordings, audio recordings or information in computer or electronic or other form in your possession, custody, or control, or which are available to you.

Produce all of the following documents produced, written, created, generated, or the like from June 1, 2016 through and including December 31, 2017:

1.  All correspondence between Sunoco and/or any of its employees, representatives, or agents, and any U.S. Attorneys' Office;

2.  All correspondence between Sunoco and/or any of its employees, contractors, representatives, or agents, and any FBI employee and/or FBI Agent, including but not limited FBI agents: Christopher Cressy, Thomas Reinwart, Brian Endrizal, and John Gray (analyst);

3.  All correspondence between Sunoco and/or any of its employees, representatives, or agents, and any local law enforcement agency;

4.  All correspondence between Sunoco and/or any of its employees, representatives, or agents, and any contractor of any sort hired as security or to investigate or monitor Ruby Montoya and/or Jessica Reznicek, including but not limited to correspondence with Scott Baldwin;

5.  All documents and records in regards to Ruby Montoya, Jessica Reznicek, FNU LNU, ████████████████, Frank Cordero, ████████████████, and ████████████, including but not limited to correspondence to or from Kelcy Warren, Energy Transfer Partners CEO.

6.  All photographs of all property, including but not limited to materials and equipment, owned by Sunoco that Sunoco alleges was damaged by Ruby Montoya.

7.  A list of all property, including but not limited to materials and equipment, owned by Sunoco that Sunoco alleges was damaged by Ruby Montoya. All documents and records,

including but not limited to: specification manuals, memorandums, and correspondence regarding the materials owned by Sunoco that were damaged.

8. All documents and records, including but not limited to: reports describing the damage to materials owned by Sunoco by any author/entity.

9. All documents and records, including but not limited to: materials from your files and any and all subcontractors' files who were hired by Sunoco to examine and/or repair the damage:

    a. Description of damage to the pipe including the depth of the puncture and each layer of pipe punctured

    b. Pipe specification which includes material of construction, pressure rating and temperature

    c. Pipe isometric sketch from an engineer

    d. Physical location of the repair

10. All contracts with contractors, including but not limited to: contracts with subcontractors, construction firms and private security firms, related to the construction, operation, and maintenance of the pipeline.

11. All correspondence regarding/referring to Ruby Montoya, Jessica Reznicek from Energy Transfer Partners CEO Kelcey Warren.

12. All pictures of any damage to the pipeline alleged to be caused by the actions of Ruby Montoya, and a description of the location of such damage.

13. For each pipeline location that Sunoco alleges was damaged by Ruby Montoya:

    a. Identify the pipe by its valve number and location

    b. Identify if there is only smoke damage as opposed to a cut into the pipe

    c. For pipes that were cut, the depth of any cut into the pipeline specifically including if the cut entered the pipe or only the skin of the pipe and what layer of the skin.

    d. Pipe specification which includes material of construction, pressure rating, and temperature as well as pipe isometric sketch from the engineer

    e. Any statements from any pipeline company by whatever ever name the document is known that purport to address the cost of repair.

For all contract personnel, employees, informants, intelligence sources please provide the following:

1.  Identify name, address, phone number, employee number, and photograph, along with a work description, and all correspondence, reports, or other documents related to their work for the period set forth above.

2.  All documents and records identifying the intel sources, including but not limited to contracts, compensation, beginning and termination dates, reasons for termination.

3.  All documents and records providing directions to the intel sources.

4.  All documents and records regarding correspondence with the intel sources.

5.  All documents and records regarding reporting from and about the intel sources.

6.  All documents and records regarding correspondence with Sunoco Customers, contractors, sub-contractors, law enforcement staff with any agency local, state and federal regarding any activity related to the pipeline or the camps.

7.  All documents and records regarding correspondence with any prosecutor from any prosecutor's office local, state and federal regarding any activity related to the pipeline or the camps.

8.  All documents and records regarding correspondence, directives to use "violent" tactics.