# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br><br>v.<br><br>**RUBY MONTOYA**<br>Defendant | Criminal No. 4:19-CR-00172 |

## MOTION TO DISCLOSE DISCOVERY TO EXPERTS

Defendant Ruby Montoya files this Motion to Permit Defendant disclose discovery to experts and investigators.

A Stipulated Discovery and Protective Order was entered on September 1, 2021, in this matter. (DKT 187). Paragraph 4 of this Order restricts defense counsel from showing "any such materials, memoranda, or witness interviews to any witness in the case…" Alternatively, paragraph 15 of this Order contemplates that the discovery will be shared with "other lawyers, staff, and investigators working with or on behalf of the undersigned counsel (including but not limited to, other employees or lawyers associated with defense counsel's law practice, and any investigators retained by or acting on behalf of the Defendant…"

Defendant has hired two expert witnesses in this matter. It is the defense's position that paragraph 4 of the Order applies only to fact witnesses and not to expert witnesses, as the expert witnesses must review discovery to form their opinion. In addition, the expert witnesses, similar to investigators referred to in the Order are retained by the undersigned attorney. As such, Defendant requests that this Court issue a clarifying order that expressly permits defense counsel to share discovery with retained experts subject to the same restrictions set forth in the Stipulated Discovery and Protective Order.

Defense counsel has attempted to resolve this issue with the attorney for the government, without the need for court involvement. Unfortunately, defense counsel has not received a response from the counsel for the government. Defense counsel's request to the government is set forth herein for the Court's review:

> Here are my requests for permission to disclose discovery records. Reading the discovery order, I think that we can agree on the disclosures without the intervention of the court.
>
> The first two are witnesses. Paragraph 4 appears to restrict the disclosure to witnesses, but this paragraph is not contemplating experts. It is contemplating fact witnesses and trying to avoid the witnesses' views being tainted by other witnesses. In fact, none of the paragraphs explain a specific procedure for experts. Experts are permitted to look at each other's opinions so that they can address the disputes. It seems as though paragraph 15 should apply to the experts. Paragraph 15 authorizes disclosure specifically to "other lawyers, staff and investigators working with or on behalf of undersigned counsel." This sentence clearly applies to investigators, and so unless you email me otherwise I am going to begin using investigators. But please do respond and let me know if we can agree that I can disclose the below-identified discovery materials to the two experts. The order asks us to seek to resolve disputes, and it seems as though we can resolve this dispute by agreeing that the applicable paragraph for all of these people is 15.
>
> *Defendant Ruby Montoya requests to share with Dr. Casey O'Neal (mental capacity expert) all media statements in any format on any forum and all facebook posts by her or others who participated in the conduct.*
>
> *Defendant Ruby Montoya requests to share with Mike Monteith (pipeline estimator expert) all data regarding the damage to the pipeline including reports of damage by Tiger Swan and Energy Transfer Partners, photographs of the damaged pipeline, reports describing how the damage was caused, and any estimates from other parties.*

Wherefore, Defendant respectfully requests that this Court grant this Motion and permit her to disclose discovery to her retained experts, specifically Dr. Casey O'Neil and Mike Monteith.

Respectfully Submitted,

Daphne Pattison Silverman

/s/ Daphne Pattison Silverman
Daphne Pattison (Silverman)
501 N IH 35
Austin, Texas, 78702
512-975-5880
daphnesilverman@gmail.com

**CERTIFICATE OF CONFERENCE**

Daphne Pattison Silverman certifies that she has attempted to confer with counsel for the government on the issues raised in this Motion. As of the date and time of filing, defense counsel has not received a response to her request.

/s/ Daphne Pattison (Silverman)
Daphne Pattison (Silverman)

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served upon all parties electronically through the CM/ECF system on November 24, 2021.

/s/ Daphne Pattison Silverman
Daphne Pattison Silverman