IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RUBY KATHERINE MONTOYA,<br><br>　　　　Defendant. | No. 4:19-cr-00172-RGE-HCA-2<br><br>ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA |

Now before the Court is Defendant Ruby Katherine Montoya's motion to withdraw her guilty plea. ECF No. 176; *see also* Def.'s Suppl. Mot. Withdraw Guilty Plea, ECF No. 205. The Government resists Montoya's motion. ECF No. 192; Gov't's Resist. Def.'s Suppl. Mot. Withdraw Guilty Plea, ECF No. 216.

For the reasons set forth below, the Court denies Montoya's motion

**I.　BACKGROUND**

On September 19, 2019, a grand jury in the Southern District of Iowa returned an indictment charging Montoya and her codefendant, Jessica Reznicek, with nine counts, including: conspiracy to damage an energy facility in violation of 18 U.S.C. § 1366(a) (Count 1). Redacted Indictment, ECF No. 2. On January 21, 2021, Montoya pleaded guilty to Count 1. Plea Hr'g Mins., ECF No. 99.

Prior to pleading guilty to Count 1, Montoya was represented by two attorneys for a period of time. Attorney Angela Campbell was appointed as Montoya's counsel under the Criminal Justice Act (CJA). ECF No. 30; ECF No. 31; *see also* Order for Appointment of Counsel, ECF No. 27. Shortly thereafter, Attorney Lauren Regan with the Civil Liberties Defense Center moved

for leave to appear pro hac vice on behalf of Montoya. ECF No. 36. Montoya requested to have both pro bono counsel—Attorney Regan—and CJA counsel Attorney Campbell. Def.'s Br. Re: Pro Bono Counsel & CJA Counsel, ECF No. 46. Chief United States Magistrate Judge Helen C. Adams issued a text order permitting Montoya's dual representation to continue. ECF No. 47.

On December 30, 2020, Montoya signed a plea agreement with the Government, in which she agreed to plead guilty to Count 1 with Counts 2 through 9 to be dismissed at the time of sentencing. Plea Agreement ¶¶ 1–2, 34, ECF No. 101. On January 4, 2021, Judge Adams granted Attorney Regan's motion to withdraw as pro hac vice counsel. ECF No. 84; *see also* ECF No. 83. On January 5, 2021, Attorney Campbell signed the plea agreement. *See* ECF No. 101 ¶ 35. The Government signed the plea agreement on the day of the plea hearing, January 21, 2021. *Id.* ¶ 36. On January 21, 2021, Montoya appeared before Chief United States Magistrate Judge Helen C. Adams and pleaded guilty to Count 1 pursuant to the plea agreement. *See* ECF No. 99. At the change of plea hearing, Attorney Campbell appeared on behalf of Montoya. *See id.*

At the hearing, Montoya was placed under oath and confirmed she understood she was required to answer truthfully. Plea Hr'g Tr. 4:4–6, ECF No. 171. Montoya denied she had "ever suffered from or been treated for any kind of mental health condition." *Id.* at 4:25–5:2. Judge Adams explained Montoya's right to have an attorney and her right to a trial. *See id.* at 6:17–7:3, 8:10–10:3. Montoya confirmed she understood her right to an attorney and indicated she was "[a]bsolutely" satisfied with Attorney Campbell's "legal advice and counsel." *Id.* at 7:3–8. Montoya also confirmed she understood her "right to plead not guilty and . . . go to trial on the[ ] charges if [she] want[ed] to. *Id.* at 9:14–17.

Judge Adams reviewed the plea agreement with Montoya. *Id.* at 7:9–16:23. Montoya confirmed she read the plea agreement and had the opportunity to discuss it with Attorney Campbell before signing it. *Id.* at 12:17–23. Montoya confirmed it was her decision to sign the

plea agreement. *Id.* at 12:24–25. Montoya denied she was pressured in any way to plead guilty. *Id.* at 20:15–17. Montoya confirmed she answered all the questions truthfully and understood everything discussed during the change of plea hearing. *Id.* at 21:4–9. Montoya pleaded guilty to Count 1. *Id.* at 21:24–22:2. Judge Adams found Montoya competent and capable of making an informed plea. *Id.* at 22:4–5. Judge Adams found Montoya's guilty plea was voluntary and not the result of threats, pressure, force, or coercion. *Id.* at 22:6–11. Judge Adams issued a Report and Recommendation, recommending Montoya's guilty plea be accepted. ECF No. 102. On February 18, 2021, the Court accepted Montoya's guilty plea to Count 1. ECF No. 107. The Court set Montoya's sentencing hearing for May 28, 2021, and ordered the submission of sentencing materials. ECF No. 103. Upon joint motion of the parties, the Court continued Montoya's sentencing to July 30, 2021. ECF No. 126. On June 30, 2021, Reznicek was sentenced to a 96-month term of imprisonment. J. Crim. Case 2, *United States v. Reznicek*, 4:19-cr-00172-RGE-HCA-1, ECF No. 135. On July 22, 2021, Montoya filed a sealed motion to continue sentencing. ECF No. 146. The Court denied Montoya's motion. ECF No. 147. On July 29, 2021, Montoya filed a renewed motion to continue sentencing and request for a status conference. ECF No. 158. At the status conference, the Court granted Montoya's motion to continue and set sentencing for September 1, 2021. ECF No. 165.

      Montoya moves to withdraw her guilty plea. ECF No. 176. Montoya argues she can show a fair and just reason to withdraw her guilty plea. *Id.* at 1. Specifically, Montoya argues she was coerced by Attorney Regan to plead guilty and therefore her plea was not voluntary. *Id.* at 1–10. Montoya filed a supplement to her motion, discussing a defense to the charge of conspiracy to damage an energy facility. ECF No. 205 at 1, 4–8. The Government resists Montoya's motion and supplement, arguing Montoya fails to show a fair and just reason to allow her to withdraw her guilty plea. ECF Nos. 192, 216.

Having reviewed the parties' briefing and responses, the Court now rules on Montoya's motion to withdraw her guilty plea.

## II. DISCUSSION

"A guilty plea is a solemn act not to be set aside lightly." *United States v. Pacheco*, 641 F.3d 970, 973 (8th Cir. 2011) (internal quotation marks and citation omitted). "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." *Id.* (omissions in original) (internal quotation marks omitted) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "The defendant bears the burden of showing fair and just grounds for withdrawal." *United States v. Mugan*, 441 F.3d 622, 630–31 (8th Cir. 2006). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006). If the defendant shows a fair and just reason exists, the court must then consider "whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." *Id.* (internal quotation marks and citation omitted). "Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." *Id.*

Montoya argues her plea of guilty was not voluntary, but the result of coercion by Attorney Regan. ECF No. 176 at 1–2. Montoya argues Attorney Regan coerced her by pressuring her to plead guilty in solidarity with Reznicek pursuant to a "packaged plea deal . . . offered simultaneously to . . . Montoya and . . . Reznicek that required them both to plead guilty in order to receive the benefits of the plea agreement." *Id.* at 2–4. Montoya also argues Attorney Regan had "a conflict of interest between her representation of movements and her representation of [Montoya as an individual]." *Id.* at 4–9. Finally, Montoya argues she "suffered from [a] diminished

4

mental capacity that affected her ability to evaluate the plea agreement and make a knowing decision to accept the agreement." *Id.* at 9–10.

The Court addresses Montoya's arguments regarding Attorney Regan and Montoya's mental health in turn and finds Montoya fails to demonstrate a fair and just reason to permit her to withdraw her guilty plea.

As to Montoya's arguments regarding conduct by Attorney Regan, Montoya fails to demonstrate how any purported ineffective assistance by pro bono counsel deprived her of Attorney Campbell's effective assistance. First, Montoya's argument Attorney Regan coerced her to enter into a plea agreement with the Government is not supported by the record. Montoya argues a packaged plea deal with her codefendant contributed to Attorney Regan's coercion of Montoya. ECF No. 176 at 2–4. Montoya contends Attorney Regan "placed intense pressure on . . . Montoya" to plead guilty "to honor . . . Montoya's commitment to the movement and her [codefendant]." *Id.* at 4. However, Montoya provides no evidence demonstrating her codefendant's plea agreement was conditioned on Montoya's guilty plea. The plea agreement itself provides the document and attachment constitute the entirety of the agreement between the parties. ECF No. 101 ¶ 30. Nothing in the plea agreement indicates it is conditioned upon or related to a codefendant's guilty plea. Nothing in Reznicek's plea agreement suggests any relationship between the two agreements. *See* Plea Agreement, *Reznicek*, 4:19-cr-00172-1, ECF No. 91. Notably, Reznicek signed her plea agreement after Montoya signed her plea agreement. *See id.* ¶ 34 (showing a signature date of January 6, 2021). Additionally, Attorney Regan never appeared on behalf of Reznicek. Like Montoya, Reznicek had independent appointed counsel and pro hac vice counsel who was affiliated with an entirely different organization than Attorney Regan. *See* Mot. Appear Pro Hac Vice, *Reznicek*, 4:19-cr-00172-1, ECF No. 49 (identifying attorney affiliation with Loyola University New Orleans College of Law). Montoya cannot reasonably argue she was coerced on

5

this ground. Further, Montoya indicated at the change of plea hearing that she reviewed and discussed the plea agreement with Attorney Campbell prior to the hearing. Montoya also confirmed she was not pressured in any way to plead guilty. These statements—which Montoya made under oath—undermine Montoya's contention she was coerced into entering the plea agreement by Attorney Regan.

Second, Montoya argues Attorney Regan provided ineffective assistance of counsel because she "labored under a conflict of interest between her representation of movements" and her representation of Montoya. ECF No. 176 at 4–9. Montoya contends "[t]he packaged plea deal collided with Attorney Regan's conflict of interest between the organization for which she is Executive Director" and Montoya. *Id.* at 5. Montoya's argument is undermined by her failure to demonstrate there was a packaged plea deal which Attorney Regan could have used to coerce Montoya into entering the plea agreement. Regardless of any alleged conduct by Attorney Regan, Montoya points to nothing in the record demonstrating she did not receive effective assistance from Attorney Campbell—the counsel that advised Montoya on the plea agreement and represented Montoya at the change of plea hearing. Attorney Regan had withdrawn as counsel weeks before Montoya entered her guilty plea. *See* ECF Nos. 83, 84. Further, the record demonstrates Montoya confirmed her absolute satisfaction with Attorney Campbell's assistance at her change of plea hearing. The Eighth Circuit has "repeatedly upheld the denial of motions to withdraw a plea based on ineffective assistance of counsel where the claim directly contradicts statements [defendant] made under oath at h[er] guilty plea hearing . . . that [s]he was totally satisfied with h[er] attorney's legal assistance." *United States v. Trevino*, 829 F.3d 668, 672 (8th Cir. 2016) (first alteration and omission in original) (internal quotation marks omitted) (quoting *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003)). While under oath at the change of plea hearing, Montoya confirmed she read the plea agreement and discussed it with Attorney

6

Campbell. Montoya also denied she was pressured in any way to plead guilty. Montoya fails to show any ineffective assistance by pro bono counsel deprived her effective assistance by Attorney Campbell. Montoya fails to show a fair and just reason to permit her to withdraw her guilty plea on this ground.

Montoya argues she suffered from diminished mental capacity that affected her ability to evaluate the plea agreement and knowingly accept it. ECF No. 176 at 9–10. Montoya cites a post-hearing diagnosis of post traumatic stress disorder and dependent personality disorder. *Id.* at 9. "Even if suffering from a disease, a defendant's plea is valid if the record demonstrates that [s]he understood the charges against h[er], was not dissatisfied with the services rendered by h[er] attorney, and entered h[er] plea knowingly and voluntarily." *United States v. Rollins*, 552 F.3d 739, 741–42 (8th Cir. 2009) (internal quotation marks and citation omitted). "A defendant is competent if [s]he possesses a sufficient present ability to consult with h[er] lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings." *United States v. Murphy*, 572 F.3d 563, 569 (8th Cir. 2009) (internal quotation marks and citation omitted).

The record does not support Montoya's argument. Montoya relies on a mental health diagnosis to argue she operated at a diminished capacity when she entered into the plea agreement. However, the record demonstrates Montoya denied suffering from any mental health condition at the time of the plea hearing. Even so, "[Montoya's] diagnosis does not, by itself, render h[er] plea invalid." *Rollins*, 552 F.3d at 741–42. The record also demonstrates Montoya was responsive and engaged during Judge Adams's plea hearing colloquy. Montoya confirmed she understood her right to an attorney and her right to trial. Montoya confirmed it was her decision to enter into the plea agreement. Based on the discussions during the change of plea hearing, Judge Adams found Montoya competent and capable of making an informed plea. Judge Adams also found Montoya

pleaded guilty voluntarily. Montoya fails to demonstrate a fair and just reason to permit her to withdraw her guilty plea on this ground.

The record does not support finding a fair and just reason to permit Montoya to withdraw her guilty plea. The Court notes Montoya posits several arguments regarding the additional factors the Court must consider if it determines Montoya shows a fair and just reason to permit her to withdraw her guilty plea. ECF No. 176 at 11–18; ECF No. 205. Because the Court determines Montoya fails to show a fair and just reason to allow her to withdraw her guilty plea, the Court declines to consider Montoya's arguments regarding these additional factors. *Cf. Ramirez-Hernandez*, 449 F.3d at 826.

### III. CONCLUSION

The record demonstrates Montoya's guilty plea was knowing and voluntary. Montoya fails to demonstrate Attorney Regan utilized a packaged plea deal to coerce Montoya into entering a plea agreement. Additionally, Montoya cannot demonstrate a fair and just reason to permit her to withdraw her guilty plea by relying on alleged ineffective assistance by Attorney Regan. Any alleged deficiencies of Attorney Regan did not deprive Montoya of effective assistance of counsel by Attorney Campbell. Montoya testified under oath she read and discussed her plea agreement with Attorney Campbell. Montoya confirmed she was not pressured in any way to plead guilty. On this record, Montoya cannot demonstrate a fair and just reason to withdraw her guilty plea.

**IT IS ORDERED** that Defendant Ruby Katherine Montoya's Motion to Withdraw Guilty Plea, ECF No. 176, is **DENIED**.

The parties involved shall appear before the Court for sentencing proceedings on July 11, 2022, at 10:00 a.m., in Courtroom 265 at the United States Courthouse in Des Moines, Iowa.

By no later than July 1, 2022, the parties shall each file on CM/ECF a sentencing memorandum setting forth any outstanding disputes as to the application of the United States

Sentencing Guidelines or other sentencing issues.

By no later than July 1, 2022, the parties shall each file on CM/ECF any sentencing exhibits, exhibits lists, and witness lists. By no later than July 5, 2022, the parties shall each provide the Court with a tabbed, three-ring binder containing copies of all of that party's sentencing exhibits. The binder shall be delivered to the sentencing judge's chambers in Des Moines, Iowa. The binder shall include copies of any recordings on a disc or USB drive.

By no later than June 24, 2022, the United States Probation Office shall prepare and file on CM/ECF an updated final presentence report.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2022.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE